CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 12 2008

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DUANE SCOTT BOYCE, ) | |
|     Petitioner, ) | Civil Action No. 7:08-cv-00213 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| U. S. MARSHALS SERVICE, ) | By: Hon. Glen E. Conrad |
|     Respondent. ) | United States District Judge |

Petitioner Duane Scott Boyce, Virginia inmate number 228676, has filed the instant pro se action, which the court construes as a petition seeking a writ of mandamus. Petitioner, an inmate at Keen Mountain Correctional Center in Oakwood, Virginia, alleges that his name is protected as a "Common Law Copyright" and as a "Trade-name/Trademark," and seeks to have this court "direct the United States Marshals Service to confiscate all documents in the Commonwealth of Virginia's possession[] that bare [sic] [his] Copyrighted Trade-name/Trademark . . . and any and all derivatives and variations in the spelling thereof. . . ."[1] The court finds that petitioner's claims are frivolous and, therefore, will dismiss the petition pursuant to 28 U.S.C. § 1915A(b)(1).

Section 1915A(b)(1) of the Prison Litigation Reform Act provides that the court shall dismiss "a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" "as soon as practicable" if the court determines that it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." Additionally, federal courts are charged with dismissing an action proceeding in forma pauperis any time during the course of the litigation when it becomes apparent that the action is frivolous, malicious, or fails to state a claim

---

[1] Petitioner asserts that "[t]he use of [his] Copyrighted property without [his] consent constitutes a felony under federal law. . . ."

upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)[2]; Cain v. Commonwealth of Virginia, 982 F. Supp. 1132, 1136 (E.D. Va. 1997). Congress has noted that a litigant "whose filing fees are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious or repetitive lawsuits." Johnson v. Edlow, 37 F. Supp.2d 775, 776 (E.D. Va. 1999) (quoting Neitzke v. Williams, 490 U.S. 319, 324 (1989)). Clearly baseless, fantastical, and delusional claims such as those presented in the instant complaint are insufficient to withstand the court's evaluation for frivolity. See Denton v. Hernandez, 504 U.S. 25, 33 (1992); Neitzke, 490 U.S. at 327. In this case, petitioner's allegations are clearly fantastic and fail to establish that he has been deprived of a constitutionally protected right.

Accordingly, the court will dismiss the petition pursuant to 28 U.S.C. § 1915A.[3]

The Clerk is directed to send a certified copy of this memorandum opinion and the accompanying order to petitioner.

ENTER: This 12th day of March, 2008.

_____
United States District Judge

---

[2] Petitioner has not submitted the requisite $350.00 filing fee. The court could construe his pleading as a request to proceed in forma pauperis and dismiss the petition pursuant to 28 U.S.C. § 1915(e)(2)(B).

[3] Petitioner is further advised that it is well-established that a writ of mandamus is considered a "drastic" remedy that is to be utilized only when the petitioner has made a showing that he has "no other adequate means" to attain the relief he desires, and that his right to that relief is "clear and indisputable." See Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980); Kerr v. United States District Court, 426 U.S. 394, 402 (1976). Before a writ of mandamus may properly issue from a district court, a petitioner must establish the following: (1) the petitioner has a clear right to relief; (2) the respondent has a clear duty to act; and (3) there is no other adequate remedy available to the petitioner. In re First Fed. Sav. & Loan Ass'n, 860 F.2d 135, 138 (4th Cir. 1988); Power v. Barnhart, 292 F.3d 781, 784 (D.C. Cir. 2002). Petitioner is not entitled to mandamus relief from this court.